UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | Case No. 3:17-cr-00124-9 |
| ) | Chief Judge Crenshaw |
| LORENZO CORTEZ BROWN, ) | Magistrate Judge Frensley |
| Defendant. ) | |

**MEMORANDUM**

This matter is pending before the court on the United States' motion for detention of Defendant Lorenzo Cortez Brown pending trial. Doc. Nos. 26, 65, 91. A hearing was held on July 17, 2017, at which the court heard testimony and the parties' arguments. The court also considered the report of the Office of Probation and Pretrial Services, which recommends that the Defendant be detained.

For the following reasons and those stated on the record in the court's July 17, 2017 hearing, the United States' motion for detention is DENIED.

**I.    Standard of Review**

A defendant may be detained pending trial only upon the court's finding that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e)(1). The court's finding that no combination of conditions will reasonably assure the community's safety must be supported by clear and convincing evidence. 18 U.S.C. § 3142(f)(2)(B). A finding of risk of flight must be supported by a preponderance of the evidence. *United States v. Hinton*, 113 F. App'x 76, 77 (6th Cir. 2004). "The default position of the law . . . is that a defendant should be released pending trial." *United States v. Stone*, 608 F. 3d 939, 945 (6th Cir. 2010); *see also*

*United States v. Salerno*, 481 U.S. 739, 755 (1987) ("In our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception.")

In determining whether there are conditions of release that will reasonably assure the defendant's appearance and the safety of any other person and the community, the court must consider: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the person; (3) the history and characteristics of the person; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release. 18 U.S.C. § 3142(g).

The Act's default rule of release pending trial is reversed, and detention is presumed, for certain defendants accused of certain offenses. Under 18 U.S.C. § 3142(e)(3) it "shall be presumed that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community" in certain situations. This imposes a burden of production on the defendant to offer at least some evidence he is not a flight risk or danger to the community. Even then, the court must still give some weight to the presumption.

**II. Findings of Fact**

The United States relied on the presumption, its memorandum in support of detention with exhibits and the information contained in the pretrial services report in support of its motion. The report states that Brown has spent his whole life in Middle Tennessee. He lives with his wife and children in Murfreesboro and has lived at the same residence for approximately five years. The criminal history provided shows that Brown was arrested a number of times dating back to the age of sixteen in 2002. His most recent conviction was on May 13, 2016 at which time he was sentenced for several offenses that occurred from November 22, 2013 until March

2

27, 2015, the most serious of which was Conspiracy to Distribute 300 grams or more of a Schedule II Drug, Cocaine for which he received an eight year sentence of probation.

Mr. Brown called his wife, Latasha Brown to testify. She testified about his ties to the community, support of family and others, employment and character. According to Mrs. Brown, Brown attends Mt. Zion Baptist church, is an assistant coach for his children's sports teams and is a hard worker who supports his family.

Mr. Brown also called Ron Akins, his employer with Fish House in Murfreesboro, Tennessee. Mr. Brown has worked there for over a year. Mr. Akins testified that Brown is an excellent employee who has never missed a day he was scheduled to work. The Fish House is a second chance employer that believes an employee's current actions are more significant than their past record. Mr. Akins is aware of Brown's prior felony record and has no evidence of any illegal conduct by Brown during his current employment. Mr. Akins testified that he has a position waiting on Brown upon his release regardless of when that happens.

Finally, Brown called his uncle, Kenneth Brown to testify about his prior domestic violence convictions and that he is not a generally violent or dangerous person.

**III.     Analysis**

The court considers each of the factors of 18 U.S.C § 3142(g) as follows:

**A.  The Nature and Circumstances of the Offense Charged**

Brown is named in an eleven-defendant, forty-count indictment charging an extensive racketeering conspiracy run by the Gangster Disciples gang. Doc. No. 3. The conspiracy is alleged to include overt acts of murder, assault, drug trafficking, and obstruction of justice. Brown is charged in multiple counts subjecting him to various sentences some of which carry mandatory minimum sentences and up to and including life imprisonment. (*Id.*) Mr. Brown is

alleged to have had a leadership role within the gang. Thus, the alleged conspiracy is very serious.

This factor weighs in favor of detention.

### B. The Weight of the Evidence of Dangerousness

This factor addresses "the weight of the evidence of dangerousness, not the weight of the evidence of the defendant's guilt." *Stone*, 608 F.3d at 948.

Again, there is no question that the offenses charged in the Indictment are dangerous offenses The Grand Jury found probable cause to indict Brown. Additionally, the government points to several drug transactions in the spring of 2014 where controlled purchases were made from Brown at his residence near a school and in the presence of children.

Brown did not contest the government's assertion that he has been a member of the Gangster Disciples or that he held a leadership position within the gang. He is identified in the indictment as having participated in meetings with other Gangster Disciples members in 2013 and 2014. The government offered no proof of any continuing involvement or affiliation with the gang after what is alleged in the Indictment.

Brown has an extensive criminal history dating back to 2002 when he was sixteen. However, he only has one felony conviction entered on May 13, 2016, for conduct that occurred on November 22, 2013. While he has three convictions for domestic assault there is no evidence from which the underlying conduct can be determined and there is no record of any other violent offenses.

While the report reflects that Brown received additional charges while on bond in state court there is no record that his bond was revoked or that his probation was revoked and he has no criminal charges for over two years.

4

Taken as a whole, the weight of the evidence of Brown's dangerousness is a neutral factor to the court.

### C. History and Characteristics

The court must also consider Brown's individual history and characteristics, including, among other factors, his character, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, and criminal history. 18 U.S.C. § 3142(g)(3)(A)–(B).

As discussed above, while Brown's criminal history is significant, he only has one felony conviction for conduct which occurred in November of 2013, and no arrests in over two years. The criminal history shows no probation or bond violations resulting in court action.

Brown has strong ties to Middle Tennessee, where he has spent his life and now lives with his family. He has worked at the same job for over a year and his employer has confirmed to the court not only that Brown can return to that job if released but that he is a trusted and valuable employee. In addition to his wife and employer, Brown had numerous family members and friends in court indicating his support within the community.

Considering the evidence as a whole, this factor weighs against detention.

### D. The Nature and Seriousness of the Danger to Any Person or the Community Posed By Release

The court must make a determination of the defendant's current dangerousness to the community. Even considering the evidence in the manner most favorable to the government, the most recent criminal activity not related to his driver's license is a charge of simple possession in November of 2014.

While the Indictment in this case alleges that Brown was a member of the Gangster Disciples, held a leadership positions and engaged in narcotics trafficking, it does not allege he

5

was involved in the violent crimes set forth in the Indictment. Docket No. 29, p. 10. Furthermore, the government offered no proof that Brown is currently affiliated with the gang or has been for over three years.

Significantly, the most compelling evidence of dangerousness argued by the government is his conduct in or about the time of the Indictment, 2013 to spring of 2014. Specifically, there is evidence the defendant engaged in drug transactions in four controlled buys of crack cocaine. While the court would typically find this evidence dispositive of the detention issue, the government chose not to bring any charges against Brown until over three years later. The court finds it difficult to reconcile the government's decision to not charge him at that time with its current argument that he must be detained now based on the dangerousness of that conduct. There is no evidence that Brown has engaged in illegal drug distribution since 2014 and no evidence of any current gang involvement or activity. Furthermore, the more recent evidence suggests that Mr. Brown is no longer engaged in such conduct and is living a productive life in his community. For these reasons, the court finds that any danger Brown may present to any person or the community is of a nature and seriousness that may be controlled by conditions of release.

This factor weighs against detention.

**IV. Conclusion**

The court finds that the United States has not met its burden to show by a preponderance of the evidence that Brown is a risk of flight. Although the United States offered argument that his arrest was delayed despite his knowledge that law enforcement was seeking him, it is not clear what he knew about that matter or when and he ultimately turned himself in on the charged offense. Likewise, he has successfully completed various periods of probation and release in

state court. That evidence supports a finding that Brown is not likely to flee if released pending his trial on this charge.

The court further finds that the United States has not met its burden to show by clear and convincing evidence that detention is required because Brown poses a danger to others or the community. The court has given due consideration to the presumption and finds that it has been overcome in this case. Again, while the United States has presented evidence that the Gangster Disciples are a dangerous criminal enterprise, it has not shown that Brown will be a present danger to the community if released. The court further finds that there are conditions of release it can impose that will control any risk of danger that Brown might present. Those conditions include employment, GPS monitoring, home detention and a restriction from any contact, direct or indirect, with persons known to be members of the Gangster Disciples, including any co-defendant in this case.

For these reasons and those stated on the record in the court's July 17, 2017 hearing, the United States' motion is DENIED. A separate order setting conditions of release has been issued. (Doc. No. 93)

**IT IS SO ORDERED.**

JEFFERY S. FRENSLEY
United States Magistrate Judge

7

Case 3:17-cr-00124   Document 103   Filed 07/18/17   Page 7 of 7 PageID #: 579